AO 472 (Rev. 11/16; DC 1/19) Order of Detention

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | |
|---|---|
| United States of America )<br>v. )<br>Daniel Ball )<br>_Defendant_ ) ) | Case No.   1:23-cr-00160-1 (RC) |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☑ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** _(previous violator)_: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:
  ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):
    ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
    ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**
    ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**
    ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**
    ☐ **(e)** any felony that is not otherwise a crime of violence but involves:
      **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**
  ☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**
  ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**
  ☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

❒ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

❒ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

❒ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

❒ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

❒ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

❒ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

❒ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

❒ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis, with the evidence or argument presented by the defendant summarized in Part III.C.

❒ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted for the reasons summarized in Part III.

**OR**

❒ The defendant has not presented sufficient evidence to rebut the presumption. Moreover, after considering the presumption and the other factors discussed below, detention is warranted for the reasons summarized in Part III.

### Part III - Analysis and Statement of the Reasons for Detention

A. After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☑ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

❒ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

B. In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☑ Weight of evidence against the defendant is strong
☑ Subject to lengthy period of incarceration if convicted
☑ Prior criminal history
☑ Participation in criminal activity while on probation, parole, or supervision

- ☑ History of violence or use of weapons
- ❒ History of alcohol or substance abuse
- ❒ Lack of stable employment
- ❒ Lack of stable residence
- ❒ Lack of financially responsible sureties
- ❒ Lack of significant community or family ties to this district
- ❒ Significant family or other ties outside the United States
- ❒ Lack of legal status in the United States
- ❒ Subject to removal or deportation after serving any period of incarceration
- ❒ Prior failure to appear in court as ordered
- ☑ Prior attempt(s) to evade law enforcement
- ❒ Use of alias(es) or false documents
- ❒ Background information unknown or unverified
- ❒ Prior violations of probation, parole, or supervised release

**C. OTHER REASONS OR FURTHER EXPLANATION:**

The defendant's evidence/arguments for release:

See addendum.

Nature and circumstances of offense:

See addendum.

The strength of the government's evidence:

See addendum.

AO 472 (Rev. 11/16; DC 1/19) Order of Detention

The defendant's history and characteristics, including criminal history:

See addendum.

The defendant's dangerousness/risk of flight:

See addendum.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: 05/31/2023 *nunc pro tunc*

Robin M. Meriweather  
Digitally signed by Robin M. Meriweather

United States Magistrate Judge

# U.S v. Ball, 23-cr-160—Detention Order Addendum

**Defendant's Evidence/Arguments for Release**

Defendant is charged by indictment with eight felony offenses and four misdemeanors arising from his alleged participation in a riot at the United States Capitol ("the Capitol") on January 6, 2021. The counts in the indictment include charges for assaulting, resisting, or impeding certain officers using a dangerous weapon or inflicting bodily harm; use of an explosive to commit a felony; theft of government property; engaging in physical violence in a restricted building or grounds with a deadly or dangerous weapon; and disorderly and disruptive conduct in a restricted building with a deadly or dangerous weapon, among other charges. Defendant seeks release on Personal Recognizance pending trial. At the detention hearing, Defendant did not challenge most of the arguments that the United States raised in favor of pretrial detention. Instead, Defendant argues for pretrial release primarily on the basis that the condition of confinement support release. Specifically, he contends that he has suffered injuries while in detention and would benefit from release to get medical treatment.

**Legal Standard**

Under the Bail Reform Act, an individual should be released pending trial unless the court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e); *United States v. Salerno*, 481 U.S. 739, 755 (1987). Certain charges trigger a rebuttable presumption that pretrial detention is warranted, but the United States does not contend that the rebuttable presumption applies to this case. The United States must establish by a preponderance of the evidence that Defendant should be detained because he poses a risk of flight. *United States v. Munchel*, 991 F.3d 1273, 1279–80 (D.C. Cir. 2021). The government must establish by clear and convincing evidence that the Defendant should be detained because he is a danger to the community. *United States v. Xulam*, 84 F.3d 441, 443 (D.C. Cir. 1996). The parties may proceed by proffer in the pretrial detention hearing, and the rules concerning admissibility of evidence do not apply. *See* 18 U.S.C. § 3142(f).

In determining whether the government has met its burden of persuasion, the Court must consider and weigh four factors outlined in Section 3142 (g): (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

**Nature and Circumstances of the Offense**

This factor weighs in favor of detention. Defendant is charged with some of the most violent and serious offenses of any of the charges being brought against participants in the January 6 events. Specifically, the United States proffers that Defendant threw an explosive device into a crowd of uniformed officers who were protecting the Lower West Terrace Entrance of the Capitol. The

explosion allegedly disoriented officers and caused hearing loss—which for some of the officers lasted months. Defendant also allegedly threw a large piece of wood into the line of officers protecting the Capitol. The Government proffers that Defendant entered the Capitol at 3:29 PM that day, spent two minutes inside the building, went out to the Upper West Terrace to smoke and observe the events taking place, and then willingly went down to the Lower West Terrace to join others in in the violence against Capitol officers. In sum, the United States proffers that Defendant exhibited violent behavior that day, and that his charges are among the most severe of any related to the January 6 events. As such, the Court finds that the nature and circumstances of Defendant's offenses weigh in favor of pretrial detention.

**Strength of the Government's Evidence**

This factor weighs heavily in favor of detention. The United States proffers that the events of January 6 were captured by 17,000 different surveillance cameras, not including the 25 different body-worn cameras on law enforcement officers that specifically captured the explosion set of by Defendant. The United States also proffers that there is testimony of multiple officers affected by the blast that corroborate the significant video evidence. Finally, the United States proffers that Defendant himself was interviewed by agents following the events and confirmed his own use of an explosive device in the tunnel entrance to the Capitol. This multitude of corroborating evidence strongly supports the charges against the Defendant and indicates that he engaged in dangerous conduct. This factor therefore weighs in favor of detention.

**Defendant's History and Characteristics, Including Criminal History**

This factor slightly weighs in favor of detention. Some aspects of Defendant's history and characteristics are positive and favor release. The Court appreciates Defendant's strong family ties, including that he is an involved parent to a grade school-age child. The Court also notes that Defendant has never failed to appear in court, and that he has incurred no criminal charges in the past two years.

However, there are aspects of the Defendant's history and characteristics that give the Court trepidation. The United States proffers that Defendant told his father that if agents ever came for him for his participation in January 6, he would "not let them take [him]." Although Defendant apparently was arrested without incident, the arrest occurred when Defendant was not at home. In addition, Mr. Ball has incurred multiple charges of possession of controlled substances and violations of probation. *See* Mem. Support Pretrial Detention at 8, *United States v. Ball*, No. 1:23-cr-160 (RC) (D.D.C. May 19, 2023), ECF No. 11. In April of 2021, just a few months after the events of January 6, Defendant was involved in an altercation with multiple people that ultimately resulted in his conviction for assaulting a police officer, for which he was sentenced to five years of probation. The United States also proffers that when law enforcement searched Defendant's home in May 2023 after his arrest, officers found multiple firearms, ammunition, and explosives—despite Defendant's status as a convicted felon. On balance, these aspects of Defendant's history and characteristics give the Court grave concern that Defendant would endanger the community if placed on pretrial release. Accordingly, this factor weighs in favor of detention.

**Defendant's Dangerousness/Risk of Flight**

This factor also weighs in favor of detention. *United States v. Munchel* directs judges to prospectively assess whether Defendant poses an articulable threat of danger to the community. *See* 991 F.3d 1273, 1283–84 (D.C. Cir. 2021). In other words, to detain a defendant pending trial, the Court should not focus solely on a defendant's conduct on the day of the charged offense (here, January 6, 2021), but also must determine whether the defendant "in fact pose[s] a threat of committing violence in the future[.]" *Id*. at 1284. The January 6 incident, and the violent acts associated with it, occurred over two years ago. Similarly, Defendant's violent altercation with a law enforcement officer in April of 2021 also occurred more than two years ago. The fact that Defendant has been in the community for two years without arrest or criminal charges is a significant consideration, and makes the evaluation of this prong of the test a closer question than the parties' arguments might suggest.

Nevertheless, the Court finds that this factor weighs in favor of pretrial detention. Defendant's multiple charges for possession of controlled substances, and his choice to allegedly arm himself with firearms and explosives despite being a convicted felon, indicate that he currently poses a real and articulable danger to the community going forward on pretrial release. Likewise, Defendant's multiple violations of probation in the past give the Court little confidence that any conditions or combination of conditions on release could mitigate the potential threat Defendant poses to the community. Defendant's comments about not letting law enforcement 'take him' could have just been braggadocio; but, given his conviction for assaulting an officer, those comments also may reflect a serious risk to the safety of any law enforcement or pretrial services officer that would interact with Defendant if he were released. .Accordingly, the Court finds that the United States has met its burden of proving by clear and convincing evidence that stringent pretrial release conditions would not adequately ensure the safety of the community. This factor therefore weighs in favor of detention.  Having considered and weighed all four factors, the Court concludes that Defendant shall be detained pending trial.