UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 23-cr-160-RC |
| | : | |
| DANIEL BALL, | : | |
| | : | |
| Defendant. | : | |

**OPPOSITION TO DEFENSE MOTION TO EXTEND DEADLINES**

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully opposes Mr. Ball's second motion to extend the deadline by which he must file pretrial motions and opposes the request to continue the next hearing date.[1] ECF No. 24.

I.     **Relevant Procedural Background**

On May 10, 2023, a grand jury indicted Mr. Ball for his actions at the United States Capitol on January 6, 2021. ECF No. 11. The charged offenses include his violent assaults on law enforcement officers—using an explosive device—during a civil disorder. Following a detention hearing that concluded on May 31, 2023, Mr. Ball was ordered detained pending trial. ECF No. 14.

Mr. Ball has been represented by counsel since May 18, 2023, *see* Minute Entry dated May 18, 2023, and by his current counsel since July 19, 2023, s*ee* Minute Order dated July 19, 2023. Following current counsel's appearance on July 10, 2023, ECF No. 15, the government provided case-specific and global discovery on July 10, 2023.

---

[1] Mr. Ball's motion and proposed order suggest the next hearing is May 17, 2024; it is scheduled to occur on May 21, 2024. ECF No. 23 p. 1 ¶ 2.

The parties conferred and jointly submitted a proposed scheduling order allowing for motions filed under Fed. R. Crim. Pro. 12 to be filed on or before February 16, 2024. ECF No. 17-1 (proposed scheduling order). On November 28, 2023, this Court ordered the parties to submit a revised proposed pretrial scheduling order. *See* Minute Entry dated November 28, 2023. The parties did so, and on December 23, 2023, this Court entered the parties' joint proposal requiring motions to be filed March 22, 2024. ECF No. 19. The pretrial motions deadline was delayed following the defendant's motion to extend deadlines filed March 12, 2024. ECF No. 20. In his motion, Mr. Ball requested to continue a pretrial motions hearing date based on counsel's other pending matters.

The government opposed that motion and suggested an intermediate solution that did not require any hearing to be continued. ECF No. 21. Mr. Ball agreed to keep all court dates and to only continue the filing deadlines to April 19, 2024. ECF No. 22. Mr. Ball now seeks, once again, to delay. ECF No. 24.

The government provided discovery productions related to Mr. Ball's case specifically on July 10, 2023, and September 27, 2023, and discovery productions related to the global January 6 prosecution on July 10, 2023, October 23, 2023, November 24, 2023, February 5, 2024, and April 2, 2024. No inquiries about the discovery were presented until April 11, 2024.

On April 11, 2024, via email, Mr. Ball's counsel requested the body worn camera footage from 36 different officers. Counsel also requested a *Miranda* waiver form that is blank, videos that were publicly available online, FBI investigative reports that had already been produced, Capitol Police closed-circuit Camera (CCTV) footage, a transcript of Mr. Ball's interview, and items that have been maintained as physical items in Jacksonville, Florida. The body worn camera and CCTV footage were both made available to counsel on July 10, 2023, through the

global production. No transcript of the interview was ever created. And the physical items were all documented within FBI investigative reports. From Mr. Ball's voluminous request, the government identified six items that had not yet been provided, and agreed to produce them though these items are outside the requirements of Rule 16.

**II.     This Court should deny the request for more time.**

The defendant now seeks to delay the filing deadline for pretrial motions again. Counsel cites to ongoing discovery review, potential new discovery, and time required in other matters as the basis for seeking such an extension. Counsel has been in possession of discovery for nearly 10 months. Further, counsel does not make a showing of how the additional items will benefit any such filing.[2] More troubling than counsel's request is that counsel also predicts an inability to keep *even that* deadline within a footnote that reads: "Given the circumstances, undersigned counsel may need to request another extension, especially if the June 2024 case in fact goes to trial." ECF No. 24, p. 2 n. 1. Mr. Ball has continued to make requests for additional time, and it is unclear whether this proposed deadline will hold.

In Mr. Ball's former request for an extension, the government was able to propose a schedule that would allow for the hearing dates to remain intact. Mr. Ball's current request does not allow such a possibility. Further, Mr. Ball's continued agreements to any proposed deadline have not yet been adhered to by his counsel. Simply put, the government is at a loss.

The Rules of the United States District Court for the District of Columbia, Criminal Rule 57.5 reads, "Attorneys shall appear personally before the judge when a case is being set, reset, or

---

[2] The "*Miranda* waiver form used in Mr. Ball's case" that the defense states was recently provided, ECF No. 24, p. 2-3 n. 2., was a blank form that Mr. Ball refused to sign. The form itself is depicted during the video recorded interview, though not readable within the video. The separate audio file does record the Agent reading the form. The agent maintained the blank form as a physical item, and recently the item was scanned and emailed to counsel.

3

continued except as otherwise specified below." LCrR 57.5(c)(2). It continues: "The sole exception to the requirement that counsel appear personally before the judge when a case is being reset or continued arises when counsel is physically unable to be present." LCrR 57.5(c)(2). Counsel does not suggest an inability to be present at the May 21, 2024, hearing date, and the government is unable to propose a schedule that would allow full briefing—and consideration of the positions by this Court—prior to May 21, 2024.

The government requests the Court deny the most recent extension request. It is not clear how more time would allow counsel adequate preparation and continuing attention. Although counsel for Mr. Ball informs the Court that she had to "start from scratch" following the change of employment, she made no inquiries about discovery until April 11, 2024.

The government further opposes any continuance of the currently set hearing dates as the local rules require any continuance to occur during an in-person hearing. Mr. Ball should be able to take part in this request, and this Court should inquire from counsel on what work has been done to "have protective orders vacated or modified in similar cases in other jurisdictions," ECF No. 24 p. 2 ¶ 8. The Court could also aid in doing so.[3]

---

[3] Mr. Ball's counsel has not sought help from the government regarding any other case though presumably the government would be a party in those cases too.

**III.   Conclusion**

For the reasons stated herein, the government respectfully requests that this Court deny Mr. Ball's request to continue two separate hearings without a court hearing, and respectfully requests this Court deny the request related to pretrial motion filing deadlines.

                        Respectfully submitted,

                        MATTHEW M. GRAVES
                        United States Attorney
                        D.C. Bar No. 481052

Date: April 19, 2024          /s/ *Adam M. Dreher*
                        ADAM M. DREHER
                        Assistant United States Attorney
                        MI Bar No. P79246
                        601 D. St. N.W.
                        Washington, D.C. 20530
                        (202) 252-1706
                        adam.dreher@usdoj.gov

                        MICHAEL L. JONES
                        Trial Attorney
                        D.C. Bar No. 1047027
                        Trial Attorney
                        (202) 252-7820
                        michael.jones@usdoj.gov