Case 1:23-cr-00160-RC   Document 37   Filed 06/27/24   Page 1 of 3

# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Criminal No. 1:23-cr-00160-RC-1 |
| DANIEL BALL, ) | |
| *Defendant.* ) | |

## DEFENDANT'S OPPOSITION TO GOVERNMENT'S SURREPLY TO DEFENDANT'S MOTION TO CHANGE VENUE

Daniel Ball, by and through undersigned counsel, moves to strike the government's Surreply to Defendant's Motion to Change Venue.[1]

The government's Surreply is procedurally misplaced. Indeed, the government may not file a surreply without (1) requesting leave with the Court to do so and (2) the Court finding that the government made a sufficient showing that it was "*unable* to contest matters presented to the [C]ourt *for the first time*" by Mr. Ball in his respective filing. *Robinson v. Detroit News, Inc.*, 211 F. Supp. 2d 101, 113 (D.D.C. 2002) (citing *Lewis v. Rumsfeld,* 154 F.Supp.2d 56, 61 (D.D.C. 2001); *cf. Alexander v. Federal Bureau of Investigation,* 186 F.R.D. 71, 74 (D.D.C. 1998)) (emphasis added).

Here, the government failed to request leave to file its Surreply. Further, the Court cannot make the necessary finding to allow the government leave to file a surrreply because the

---

[1] Should the Court decline to strike the government's Surreply, Mr. Ball would ask that the Court allow him to respond to the arguments advanced therein in a short filing. But as a brief aside in the meantime, the government's confusing suggestion that Mr. Ball is unable to respond to its Notice of Supplemental Authority is plainly incorrect. It is common practice for a party to respond to such a notice if it so chooses. Mr. Ball, for instance, could have and was planning to file his own Notice of Supplemental Authority, in which he was going to make, effectively, the same arguments he ultimately made in his Response to the government's Notice. The government does not get to unilaterally impart significance to a newly decided case simply because it filed a notice before Mr. Ball had a chance to do so.

government cannot and did not make any showing that Mr. Ball *advanced to the Court for the first time* arguments the government was *unable to contest*. *See id.*

Failing to raise an argument is different than being unable to respond to an argument. As is clear from the record, including the government's own Surreply, the government filed the Notice that brought the purported newly binding *Webster* decision into the mix.[2] The government simply failed to engage in a thorough analysis in its Notice and now files this impermissible Surreply in attempt to get a do-over. Indeed, the appropriate juncture to make the arguments the government now belatedly advances about *Webster*'s application was when it filed its Notice. In other words, the appropriate juncture has passed, and the government cannot rely on a surreply to advance or expand arguments that it previously had the chance to make. *See Crummey v. Soc. Sec. Admin.*, 794 F. Supp. 2d 46, 63 (D.D.C. 2011), *aff'd*, 2012 WL 556317 (D.C. Cir. Feb. 6, 2012) ("[T]he arguments raised by the SSA in its reply are in response to 'the facts and relevant law raised by [him] in his opposition.' [In other words,] the arguments in the SSA's reply fall within the scope of the matters he raised in opposition. Where the movant's reply does not expand the scope of the issues presented, leave to file a surreply will rarely be appropriate."); *Glass v. Lahood*, 768 F. Supp. 2d 189 (D.D.C. 2011), *aff'd*, 11-5144, 2011 WL 6759550 (D.C. Cir. Dec. 8, 2011) ("Surreplies are generally disfavored, and are especially so where the proponent cites 'amplification' of an issue already addressed as a justification. In an exercise of the Court's discretion, the motion shall be denied.").

Moreover, the government's baseless claim that Mr. Ball "misconstrues the nature of the government's notice," ECF No. 36 at 1, fails to provide a permissible basis to file a surreply. *See*

---

[2] Regardless, Mr. Ball's arguments in his Response to the Notice of Supplemental Authority do not meaningfully go beyond what he has already argued in his Motion to Change Venue and his subsequent Reply to where they could be deemed new arguments.

*Stafford v. George Washington Univ.*, 578 F. Supp. 3d 25, 42 (D.D.C.), *rev'd and remanded*, 56 F.4th 50 (D.C. Cir. 2022), *cert. dismissed*, 143 S. Ct. 2521, 216 L. Ed. 2d 470 (2023) ("The materials included in this proposed filing—and in particular any effort to 'correct the record'[]—do not satisfy the standard for when such a supplemental response is warranted."); *Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C. 2001) (denying a motion to file a surreply where the filing did not involve a new matter and instead involved an alleged mischaracterization of the requesting party's argument).

However one looks at it, the government does not have a viable legal basis to submit its Surreply. Accordingly, Mr. Ball requests for this Court to strike the government's Surreply.

Respectfully submitted,

_____/s/_____
Amy C. Collins
D.C. Bar No. 1708316
888 17th Street, N.W., Suite 1200
Washington, D.C. 20006
(228) 424-0609
amy@amyccollinslaw.com
acollins@kalbianhagerty.com
*Counsel for Daniel Ball*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 27th day of June 2024, I caused a true and correct copy of the foregoing Opposition to be delivered via CM/ECF to all parties.

_____/s/_____
Amy C. Collins