UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No. 23-cr-160-RC |
| | : | |
| DANIEL BALL, | : | |
| | : | |
| Defendant. | : | |

### UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO EXTEND

The United States of America, by and through the United States Attorney for the District of Columbia respectfully opposes the defendant's latest motion requesting more time. Four months ago, in the shadow of the previously imposed expert disclosure deadline, this Court ordered a hearing on the defendant's previous motion to continue filing dates. *See* Minute Order dated May 1, 2024. The Court ordered the expert notice deadline to be vacated and would further set dates the following month.

On June 10, 2024, the parties submitted a joint motion for a pretrial scheduling order setting the expert notice deadline to occur three months into the future. ECF No. 33. The Court adopted the proposed schedule the following day. ECF No. 34.

Within a joint status report submitted one month before the current disclosure deadline, the parties outlined, "the government has not yet provided a list of prior testimony, publications, or a curriculum vitae and will do so prior to the September 10 deadline." The parties continued, "The defendant is still in the process of determine [sic] whether it will call experts. If it does, it will provide notice prior to the September 10 deadline." ECF No. 40 p. 2.

The government complied with the September 10, 2024, deadline. The defendant has not. Instead, the defense sent an email within an hour of the midnight-deadline requesting an extension.

Admittedly, the government did not provide a response within the 28 minutes requested. The defense did not file an expert notice.

Within his current request, the defendant asserts that, "the government disclosed—for the very first time—materials Mr. Ball's explosives, fireworks, and pyrotechnics expert would need to consider in drafting a comprehensive expert report." ECF No. 46 p. 1-2. This assertion comes without any support; whether scientific or legal. Within the government's disclosure, it provided the expert's updated CV, list of testimony, publications, and two documents captioned: "Explosives Quality Assurance and Operations Manual," and "FBI Approved Standards for Technical Testimony and Report Language for Explosives and Hazardous Devices Analysis." None of the disclosure related to the facts of the defendant's case and instead dealt solely with the background and qualifications of the government's expert witness.[1]

At this juncture, the defendant has not provided *any* discovery. It is unlikely that *any* expert in the field would need the specifics of the government witness's education and experience to form an opinion about the facts of his case. But without any information from the defendant, the government—and this Court—is left guessing as to the basis for the defendant's claims.

Trial is set for January 6, 2025. The defendant is detained pretrial. The government would like for this trial to proceed as scheduled and with both parties adequately prepared. Repeatedly missed and/or extended deadlines do not facilitate the progression of this matter to a fair trial. *See* Rule 16(b)(1)(C)(ii) ("The court, by order or local rule, must set a time for the defendant to make the defendant's disclosures. The time must be sufficiently before trial to provide a fair opportunity for the government to meet the defendant's evidence.")  For this reason, the government requests

---

[1] The disclosure adopted by reference the lab reports previously provided to the defendant in July, 2023, and September, 2023, by reference pursuant to Fed. R. Crim. P. R 16(a)(1)(G)(iv).

that this Court deny the defense motion for an extension and order the defense to provide expert notice, if any, as soon as possible or risk having such testimony excluded. *United States v. Euceda-Hernandez*, 768 F.2d 1307, 1311 (11th Cir. 1985) ("A district court's decision to impose a Rule 16(d)(2) sanction for the violation of a discovery order, and thus its choice of sanction, is a matter committed to the court's sound discretion.").

                Respectfully submitted,

                MATTHEW M. GRAVES
                United States Attorney
                D.C. Bar No. 481052

Date: September 11, 2024        /s/ *Adam M. Dreher*
                ADAM M. DREHER
                Assistant United States Attorney
                MI Bar No. P79246
                601 D St. NW
                Washington, D.C. 20530
                (202) 252-1706
                adam.dreher@usdoj.gov

                ALIYA S. KHALIDI
                Assistant United States Attorney
                Mass. Bar No. 682400
                601 D St. NW
                Washington, D.C. 20530
                (202) 252-2410
                aliya.khalidi@usdoj.gov