UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.   ) | Criminal No. 1:23-cr-00160-RC-1 |
| ) | |
| **DANIEL BALL,** ) | |
| ) | |
| *Defendant.* ) | |

**DEFENDANT BALL'S REPLY TO THE GOVERNMENT'S OPPOSITION TO HIS SECOND MOTION TO EXTEND EXPERT DISCLOSURE DEADLINE**

Daniel Ball, by and through undersigned counsel, respectfully submits this Reply to the government's Opposition to his Second Motion to Extend Expert Disclosure Deadline.[1]

To start, the government misrepresented Mr. Ball's position and the circumstances surrounding his instant request, among other things. For instance, contrary to the government's representations, as soon as defense counsel realized a new expert was needed, and despite being bedridden with the flu,[2] defense counsel contacted prospective new experts for weeks prior to the October 11, 2024 expert disclosure deadline, as explicitly provided in Mr. Ball's Motion.[3] *See* ECF No. 49. As another example, the government submitted that Mr. Ball has, *inter alia*, failed to explain why he has not yet been able to file pretrial motions or a motion challenging the government's expert disclosure. But, as already indicated, *see, e.g.*, ECF No. 44 at 4-5, the defense

---

[1] Mr. Ball plans to submit the aforementioned motion to continue, *see* ECF No. 49 at 2 n.2, and Second Motion to Compel, *see* ECF No. 49 at 1 n.1, by the end of this week.
[2] Even while bedridden with the flu, defense counsel tried to bring on new experts in a manner where expert disclosures could be made pursuant to the October 11, 2024 deadline; this was ultimately an impossible task.
[3] Defense counsel has not been able to get in touch with Mr. Ball's previously retained forensic psychology expert and primary explosives/pyrotechnics expert, who we previously explained is facing what we understand are life-changing medical hardships. *See* ECF No. 48 at 2 n.3. (The other previous explosives expert did not review all of the relevant explosives/pyrotechnics case materials or draft as comprehensive of a report.) Accordingly, two explosives/pyrotechnics experts have been retained as of October 1, 2024 (one primary expert and one supporting/complementary expert) and one forensic psychology expert has been tentatively retained as of October 10, 2024, and the requested payment terms are awaiting approval in accordance with CJA procedure.

expert reports are crucial to making comprehensive and compelling arguments on Mr. Ball's behalf. Indeed, for example, as alluded to in other filings and in communications among the parties, the defense explosives/pyrotechnic expert report(s) completely discredits the government's expert and provides an independent basis for the Court to conclude that the government expert's report(s) is unsubstantiated and/or mere conjecture and/or riddled with inaccuracies to where it cannot be said to reflect a scientific degree of certainty. *See*, *e.g.*, ECF No. 46 at 1. So, it is no coincidence that the government is now asking that the defense be precluded from putting on an expert. While asking the Court to preclude the defense from putting on an expert is a troubling position for the federal government to take in any case, it is particularly troubling here, where prosecutorial misconduct appears to be pervasive and the government has routinely created circumstances requiring a need for delay. To put it simply, the government has continuously tried to rush this case; and, at this juncture, the government's unseemly motives for urging the Court to push forward as planned are all the more glaring.[4]

The government dedicates its efforts in its Opposition to attempting to distract the Court from what really matters[5]: (1) the previously retained defense experts have not been reachable for weeks (to no fault of defense counsel or Mr. Ball), and new experts were, accordingly, retained, (2) the defense team has requested information from the government that the government has continuously refused to disclose, which is of particular significance since, *in this very case*, the government failed to disclose exculpatory (and possibly exonerating) material as to one or more

---

[4] We do not make these representations lightly; but the government's undue motives have become undeniable and warrant serious consideration by the Court.

[5] Notably, there are several pertinent arguments advanced by Mr. Ball that the government failed to adequately or wholly address, respectively. (These arguments are discussed, in part, by Mr. Ball in the paragraph that follows but derive from or otherwise include the arguments provided in ECF No. 44, including Footnote 2.) The Court should deem the government's failure to do so as concessions or forfeitures. *See, e.g., McClanahan v. Dep't of Just.*, 712 F. App'x 6, 8 (D.C. Cir. 2018) (citing *N.Y. Rehab. Care Mgmt., LLC v. NLRB*, 506 F.3d 1070, 1076 (providing that arguments made summarily or not raised are forfeited)).

of the charges, providing the respective materials less than 6 months ago only pursuant to defense counsel's relentless prompting and back-and-forths with the government,[6] and (3) the Court has not yet ruled on the outstanding Motion to Compel, which relates to information pertinent to defense expert reports, Mr. Ball's Motion to Suppress, and Mr. Ball's Motion to Dismiss, *see* ECF No. 44. Even on these bases alone, the Court should grant Mr. Ball's requested relief.

---

[6] Despite the fact that the materials included exculpatory information, the government insisted it had fulfilled its discovery obligation last year. As the Court knows, the government's position is not consistent with what the law, including the U.S. Constitution, provides.

Respectfully submitted,

  /s/  Amy C. Collins
Amy C. Collins
D.C. Bar No. 1708316
888 17th Street, NW, Suite 1200
Washington, D.C. 20006
(228) 424-0609
amy@amyccollinslaw.com
acollins@kalbianhagerty.com
*Counsel for Daniel Ball*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 22nd day of October 2024, I caused a true and correct copy of the foregoing Reply to be delivered via CM/ECF to all parties in this matter.

  /s/  Amy C. Collins
Amy C. Collins