UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No. 23-cr-160-RC |
| | : | |
| DANIEL BALL, | : | |
| | : | |
| Defendant. | : | |

**UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO
DISQUALIFY GOVERNMENT COUNSEL**

The United States of America, by and through the United States Attorney for the District of Columbia respectfully opposes the defendant's motion requesting this Court remove an assigned Assistant United States Attorney (hereinafter "AUSA"). The claims in the defense motion are unsupported and fail to justify the relief sought.

**I.      Procedural Background**

The defendant was arrested on May 2, 2023. ECF No. 5. The defendant has been detained pending trial since that date. ECF No. 14. Following the defendant's arrest, federal agents executed a search warrant on the defendant's residence. At the defendant's residence, agents found a firearm and ammunition; the defendant had twice been convicted of felony crimes of violence prior to the search.

On May 10, 2023, an indictment was filed alleging twelve crimes committed by the defendant at the Capitol on January 6, 2021. ECF No. 6. The defendant pled not guilty to each offense 13 days later. Minute Entry dated May 23, 2023. There have been no superseding indictments filed in this case.

On August 6, 2024, the defendant was indicted on gun charged in the Middle District of Florida. That case is being prosecuted by AUSAs in that district.

## II.     Legal Background

"The qualities of a good prosecutor are as elusive and as impossible to define as those which mark a gentleman." *The Federal Prosecutor*, Robert H. Jackson, Attorney General of the United States, April 1, 1940. "A sensitiveness to fair play and sportsmanship is perhaps the best protection against the abuse of power, and the citizen's safety lies in the prosecutors who tempers zeal with human kindness, who seeks truth and not victims, who serves the law and not factional purposes, and who approaches his task with humility." *Id*. But "[i]n an adversary system, [prosecutors] are necessarily permitted to be zealous in their enforcement of the law." *Marshall v. Jerrico, Inc.*, 446 U.S. 238, 248 (1980). Quite plainly, "the touchstone of due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor." *Smith v. Phillips*, 455 U.S. 209, 219 (1982).

Constitutional separation of powers between the judiciary and the executive requires judicial respect for the independence of the prosecutor. *See United States v. Williams*, 68 F.4th 564 (9th Cir. 2023). However, there are limits to the independence given to the executive branch. In fact, "a trial court . . . should disqualify a prosecutor from participating in a criminal action when he has a personal conflicting interest in a civil case." *United States v. Heldt*, 668 F.2d 1238, 1276 (D.C. Cir. 1981).

But courts "interfere in the practices of the executive branch only when there is 'a clear basis in 'fact and law' for doing so.'" *United States v. Jennings*, 960 F.2d 1488, 1491 (9th Cir. 1992) (internal citations omitted). "A federal court that imposes sanctions on executive conduct that is otherwise permitted by the Constitution, a federal statute or a rule will most likely be invading the executive sphere rather than protecting itself from invasion." *United States v. Gatto*, 763 F.2d 1040, 1046 (9th Cir. 1985). And "[t]he requirement of a disinterested prosecutor is

consistent with our recognition that prosecutors may not necessarily be held to as stringent a standard of disinterest as judges." *Young v. United States ex rel. Vuitton et Fils*, 481 U.S. 787, 807 (1987). "In any event, absent a violation of the Constitution, a federal statute, or a procedural rule, the Courts do not dictate to the Executive branch who will serve as its prosecutors." *Williams*, 68 F.4th at 571 (9th Cir. 2023) (cleaned up).

### III.  Argument

There are significant disputes to the factual allegations made by the defendant's attorney as to the conduct of the Assistant United States Attorney assigned to handle the present case. The defendant alleges that the line attorney spoke to the D.C. Jail without the defendant's permission; is functionally a witness to an as-of-yet-unfounded claim of selective prosecution; has made discovery time-consuming for the defendant; and failed to disclose the government's expert materials before the Court's deadline to do so. Separately, the defendant also contends the line attorney "engaged in hush hush dealings that somehow resulted in a prosecution for felon in possession in another district[.]" *See* ECF No. 54 p. 8. The defense also claims that the attorney in question is unethical, has made material misrepresentations, and hidden "unrefutably exculpatory and impeachment materials." *Id*. at 2, 6, 7.

These claims are not supported. Other than blanket and conclusory allegations, the defense fails to point to a single piece of exculpatory evidence that has been withheld and cites as its only example of the prosecutor's material misrepresentations the failure to have previously disclosed supplemental items contained in the government's September 10, 2024, expert notice.[1] The

---

[1] In joint status report filed on August 8, 2024, the parties informed the Court that, "[t]hough the name of the government's expert can be found on the already-provided reports, the government has not yet provided a list of prior testimony, publications, or a curriculum vitae and will do so prior to the September 10 deadline." ECF No. 40, p. 2. Even assuming, for the sake of argument, that the defense misunderstood this filing and instead relied on government claims that "all expert

3

defense incorporates arguments from other filings, relying heavily on claims in its pending motions to compel that seek materials, including attorney communications, from other cases in other districts. But these items have no relevance to the instant case. The defendant also promises "a forthcoming motion to dismiss and motions to suppress . . . [that] will set forth an overview of the pervasive government misconduct that has taken place in [the defendant's] case." *Id*. at 8. The United States awaits these motions and will carefully review the allegations contained therein. In the meantime, however, the defendant's arguments fail because he has not shown how his defense has been prejudiced or why the Court must disqualify an AUSA from continuing his representation of the United States.

Even if one were to assume the accuracy of the defense's complaints, the law does not give the defendant the relief he seeks. The AUSA has no personal or financial interest in the prosecution and has done nothing unlawful. Defense counsel do not get to choose their own opposing counsel, and courts should be loathe to intervene absent specific and compelling circumstances. Such circumstances are not present here.[2]

### IV.   Conclusion

Because the defendant has not shown how his case has been prejudiced by the government's current staffing decision, the government requests that this Court deny the defense motion to disqualify government counsel.

---

materials" had previously been disclosed, any prejudice has more than dissipated and is not material.  There is no trial date set in this case and the defense has now had more than two months to review these documents as it prepares its expert notices.

[2] Because of the legal rules at play, the government has declined to engage in a factual tit-for-tat, refuting any of the defense's characterizations. Nonetheless, the government is prepared to respond to such allegations if necessary.

                       Respectfully submitted,

                       MATTHEW M. GRAVES
                       United States Attorney
                       D.C. Bar No. 481052

Date: November 12, 2024     /s/ *Andrew Floyd*
                       ANDREW T. FLOYD
                       Assistant United States Attorney
                       D.C. Bar No. 1023316
                       601 D St. NW
                       Washington, D.C. 20530
                       (202) 252-6841
                       andrew.floyd@usdoj.gov

                       GREGORY P. ROSEN
                       Assistant United States Attorney
                       VA Bar No. 82584
                       601 D St. NW
                       Washington, D.C. 20530
                       (202) 252-6932
                       Gregory.Rosen@usdoj.gov