THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | |
| | ) | **Criminal No. 1:23-cr-00160-RC-1** |
| **DANIEL BALL,** | ) | |
| *Defendant.* | ) | |

### DEFENDANT BALL'S MOTION FOR ORDER SETTING BRIEFING SCHEDULE FOR AMENDED MOTION TO DISQUALIFY GOVERNMENT COUNSEL

Daniel Ball, by and through undersigned counsel, respectfully requests that this Honorable Court enter an order (1) setting forth a briefing schedule for Mr. Ball's forthcoming Amended Motion to Disqualify Government Counsel and related filings and (2) rendering the government's Opposition to Mr. Ball's Motion to Disqualify Government Counsel (ECF No. 58), not ripe, or untimely. In support of this Motion, counsel submits as follows:

1. The government has jumped the gun and made what was expected to be an orderly process disorderly and confusing.

2. Following the Court's direction at the October 29, 2024 status hearing that the Court would like all instances of government misconduct in this case to be fully briefed, we indicated that we will be submitting an Amended Motion to Disqualify Government Counsel to also address all other instances of government misconduct in this case that were not directly fleshed out in the Motion to Disqualify Government Counsel (ECF No. 54) and to correct formatting issues.

3. The government did not object to this plan of action at the hearing or in response to defense counsel's respective email(s) to government counsel and Chambers.

1

4. Since the October 29, 2024 status hearing, defense counsel has kept the government and the Court (via Chambers) apprised of the fact that filing the forthcoming Amended Motion has been taking longer than expected given, *inter alia*, an urgent issue that popped up in another case, the significantly time-consuming effort it has been to draft the Third Motion to Compel, and the fact that defense counsel has been struggling to bounce back from an illness.

5. Despite the shared understanding about the forthcoming Amended Motion, the government, through recently noticed counsel (the individuals who head the section charging January 6 cases at the U.S. Attorney's Office), filed an Opposition to the soon-to-be-amended Motion to Disqualify Government Counsel. *See* ECF No. 58.

6. At issue are well-founded concerns that defense counsel would not be bringing up if they were not extremely serious.[1] Indeed, these concerns relate to behavior that we believe has undermined the integrity of the prosecution of Mr. Ball. Whether purposeful or inadvertent, the government's filing of its untimely/not ripe Opposition creates confusion in a situation that should be handled with only the utmost care.

7. To afford the Court a clear and orderly presentation of the facts and arguments addressing serious ethical violations, we propose that the Court enters an order (1) setting forth a briefing schedule for the Amended Motion and related filings and (2) concluding that the government's Opposition (ECF No. 58) is not ripe, or timely.[2,3] We would propose the following respective deadlines: a deadline of November 27, 2024 for the Amended Motion to Disqualify

---

[1] As mentioned in the Motion to Disqualify Government Counsel (ECF No. 54 at 3) and at the October 29, 2024 status hearing, we took various steps, such as discussing her concerns and intention to file a Motion to Disqualify Government Counsel with the Federal Public Defender, before bringing our concerns before this Court.

[2] If the Court choses to deny our request, we would ask to be able to submit a comprehensive reply to the government's Opposition (ECF No. 58).

[3] If the Court believes it to be appropriate, we would not object to the Court affording Mr. Ball other relief such as striking the government's Opposition (ECF No. 58) or extending the government's *Daubert* motion deadline to a date following the conclusion of briefing the disqualification issue.

Government Counsel, a deadline of December 6, 2024 for the response, and a deadline of December 13, 2024 for the reply. The proposed dates are intended to acknowledge (a) the need to limit AUSA Dreher's involvement in the case pending the Court's decision, (b) the fact that the government should be afforded sufficient time to adequately respond, and (c) the fact that the government has already established its overall position as to the disqualification issue, where it appears to believe that all has been addressed except for any remaining "factual tit-for-tat." ECF No. 58 at 4 n.2. We would, of course, be open to an alternative schedule if the Court deems it appropriate.

8.   The government has failed to provide any indication of its position as to the instant request. Indeed, government counsel in this case has gone radio silent and has not responded to any of our inquiries since the October 29, 2024 status hearing. And, interestingly, government counsel in Mr. Ball's Florida case has gone radio silent since being made aware that Mr. Ball's D.C. trial was vacated due to issues involving discovery and otherwise.

In light of the above, Daniel Ball, by and through undersigned counsel, requests the aforementioned relief.

Respectfully submitted,

_____/s/_____
Amy C. Collins
D.C. Bar No. 1708316
888 17th Street, NW, Suite 1200
Washington, D.C. 20006
(228) 424-0609
amy@amyccollinslaw.com
acollins@kalbianhagerty.com
*Counsel for Daniel Ball*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 19th day of November 2024, I caused a true and correct copy of the foregoing Motion to be delivered via CM/ECF to all parties.

_____/s/_____
Amy C. Collins

4